BRIAN T. SHAW, ESQUIRE
**LAW OFFICE OF DIMITRIOS KOLOVOS, LLC**
701 White Horse Road, Suite 3
Voorhees, NJ 08043                    Attorney for Plaintiff
Telephone:    856-784-0101
Facsimile:    856-784-5558

### UNITED STATES DISTRICT COURT
### FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUISE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3: C4  03  0837 |
| | ) |
| UNITED LEGAL CORPORATION a/k/a and/or | ) |
| d/b/a and/or t/a and/or f/k/a and/or | ) |
| n/k/a UNITED LEGAL a/k/a and/or d/b/a | ) |
| and/or t/a and/or f/k/a and/or n/k/a | ) |
| ULC, | ) |
| | ) |
| and | ) |
| | ) |
| XYZ CORPORATIONS I – X,  fictitious | ) **CIVIL ACTION COMPLAINT** |
| representation of any other | ) |
| additional entities, legal or | ) **JURY TRIAL DEMANDED** |
| otherwise, who have been involved in | ) |
| the acts and/or omissions giving rise | ) |
| to this Civil Action Complaint, | ) |
| heretofore unknown to the Plaintiff, | ) **Docket No.:** |
| | ) |
| and | ) |
| | ) **FILED** |
| JOHN DOE I a/k/a MIKE LEVY a/k/a | ) **SCRANTON** |
| MICHAEL LEVY, a fictitious | ) |
| representation of an individual in | ) MAR 2 ? 2006 |
| his or her individual capacity, and | ) |
| in his or her capacity as an officer, | ) |
| director, shareholder, founder, | ) PER _____ |
| owner, agent, servant, employee, | )       DEPUTY CLERK |
| sales representative, and/or | ) |
| independent contractor of UNITED | ) |
| LEGAL CORPORATION and/or the XYZ | ) |
| CORPORATIONS I – X, heretofore | ) |
| unknown to the Plaintiff, | ) |

|  |  |
|---|---|
| and | ) |
|  | ) |
|  | ) |
| JOHN DOE II a/k/a ERIC MASTERS, a | ) |
| fictitious representation of an | ) |
| individual in his or her individual | ) |
| capacity, and in his or her capacity | ) |
| as an officer, director, shareholder, | ) |
| founder, owner, agent, servant, | ) |
| employee, sales representative, | ) |
| and/or independent contractor of | ) |
| UNITED LEGAL CORPORATION and/or the | ) |
| XYZ CORPORATIONS I - X, heretofore | ) |
| unknown to the Plaintiff, | ) |
|  | ) |
| and | ) |
|  | ) |
| JOHN DOES III - X, fictitious | ) |
| representations of individuals in | ) |
| their individual capacities, and in | ) |
| their capacities as officers, | ) |
| directors, shareholders, founders, | ) |
| owners, agents, servants, employees, | ) |
| sales representatives, and/or | ) |
| independent contractors of the UNITED | ) |
| LEGAL CORPORATION and/or the XYZ | ) |
| CORPORATIONS I - X, heretofore | ) |
| unknown to the Plaintiff, | ) |
|  | ) |
| Defendants. | ) |

## I.   INTRODUCTION

1.   This is a Civil Action Complaint for actual damages,

statutory damages, treble damages, attorneys fees, and cost

brought by an individual consumer for the violations of the

Defendants, and each and every one of them, of the U.S.

Fair Debt Collection Practices Act (hereinafter the

"FDCPA"), 15 U.S.C. § 1692, et seq. and the Pa. Unfair

Trade Practices and Consumer Protection Act, (hereinafter

"UTPCPA"), 73 P.S. § 201-1, *et seq.* and the Pa. Fair Credit
Extension Uniformity Act (hereinafter "FCEUA"), 73 P.S. §
2270.1, *et seq.*

## II. JURISDICTION AND VENUE

2.   Plaintiff repeats the foregoing and incorporates the
     preceding and succeeding Paragraphs of this Civil Action
     Complaint as if each and every one of them was reprinted
     herein below.

3.   Subject Matter Jurisdiction of this Court arises under 15
     U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental
     jurisdiction exists for the state law claims, if any,
     pursuant to 28 U.S.C. § 1367.

4.   Declaratory relief is available pursuant to 28 U.S.C. §§
     2201 and 2202.

5.   This Honorable District Court has *in personam* jurisdiction
     over the defendants in this action as same is authorized by
     the Commonwealth of Pennsylvania under 42 Pa.C.S. § 5322
     (A)(1)(i) and in that the Defendants' principal place of
     business is located within the forum state and/or the
     Defendants are incorporated and/or formed within the forum
     state and/or the Defendants have sufficiently conducted
     business and/or otherwise purposefully availed themselves
     to the privileges, benefits, laws, and jurisdiction of the
     courts of the forum state and/or the transactions or

occurrences giving rise to the Civil Action Complaint took
place in the forum state.

6.    Venue in this Honorable District Court is proper under 28
      U.S.C. § 1391(b) in that the Defendants' and each and every
      one of them reside within the forum state and/or a
      substantial part of the events or omissions giving rise to
      the claims occurred within the forum state and/or any
      defendant may be found in the forum state where there is no
      district in which the action may be otherwise brought.

### III. PARTIES

7.    Plaintiff repeats the foregoing and incorporates the
      preceding and succeeding Paragraphs of this Civil Action
      Complaint as if each of them was reprinted herein below.

8.    At all times material and relevant hereto, Plaintiff LOUISE
      JACKSON (hereinafter "Plaintiff") is a natural person
      residing in and a citizen of the Commonwealth of
      Pennsylvania and of the United States of America.

9.    At all times material and relevant hereto, Plaintiff is a
      "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

10.   At all times material and relevant hereto, Plaintiff was
      alleged to have owed a "debt" to the Defendants, and each
      and every one of them, of a personal, family, and/or
      household nature as defined by the FDCPA, 15 U.S.C. §
      1692a(5).

11.  At all times material and relevant hereto, UNITED LEGAL
     CORPORATION a/k/a and/or d/b/a and/or t/a and/or f/k/a
     and/or n/k/a UNITED LEGAL a/k/a and/or d/b/a and/or t/a
     and/or f/k/a and/or n/k/a ULC, (hereinafter "UNITED LEGAL
     CORPORATION") is believed to be a public corporation,
     company, partnership, and/or association engaged in the
     business of collecting debts nationally, locally, and
     within the Commonwealth of Pennsylvania with its principal
     place of business located at 9000 Regency Square Boulevard,
     Ground Floor, Jacksonville, FL  32211.

12.  A principal purpose of Defendant UNITED LEGAL CORPORATION
     is the collection of consumer debts using the U.S. mail
     systems, the U.S. telephone and/or telegram systems and/or
     other instrumentalities of interstate and intrastate
     commerce, and Defendant UNITED LEGAL CORPORATION regularly
     attempts to collect consumer debts alleged to be due to
     another.

13.  At all times material and relevant hereto, Defendants XYZ
     CORPORATIONS I - X are believed to be public corporations,
     companies, partnerships, and/or associations engaged in the
     business of collecting debts nationally, locally and within
     the Commonwealth of Pennsylvania with their principal
     places of business located at heretofore unknown locations.

14. The principal purposes of Defendants XYZ Corporation I - X
    are believed to be the collection of consumer debts using
    the U.S. mail systems, the U.S. telephone and/or telegram
    systems and/or other instrumentalities of interstate and
    intrastate commerce, and Defendants XYZ Corporation I - X
    regularly attempt to collect consumer debts alleged to be
    due to another.

15. Upon information and belief, Defendants XYZ CORPORATIONS I
    - X are fictitious representations of any and all other
    additional entities, legal or otherwise, who have been
    involved in the acts and/or omissions giving rise to this
    Civil Action Complaint, heretofore unknown to the
    Plaintiff.

16. The Defendant UNITED LEGAL CORPORATION and the XYZ
    CORPORATIONS I - X are collectively referred hereinafter as
    the "Corporate Defendants."

17. At all times material and relevant hereto Defendant a/k/a
    MIKE LEVY a/k/a MICHAEL LEVY, a fictitious representation
    of an individual in his or her individual capacity, and in
    his or her capacity as an officer, director, shareholder,
    founder, owner, agent, servant, employee, sales
    representative, and/or independent contractor of UNITED
    LEGAL CORPORATION and/or the XYZ CORPORATIONS I - X,
    heretofore unknown to the Plaintiff (hereinafter "JOHN DOE

I"), is believed to be a natural person and employed by the Corporate Defendants as a debt collector and/or as a supervisor of debt collectors and/or as a manager of debt collectors.

18. At all times material and relevant hereto, Defendant JOHN DOE I was the agent, servant, workperson, employee, and/or independent contractor of the Corporate Defendants while engaging in the acts or omissions giving rise to the present Civil Action Complaint and while in the course and scope of his or her relationship with the Corporate Defendants and/or with the Corporate Defendants' permission, authority, direction, and/or sufferance.

19. At all times material and relevant hereto, Defendant JOHN DOE I serviced, handled, reviewed, discussed, concerned him or herself, supervised, managed, and/or was responsible for debt collection and/or accounts alleged to be the liability of Plaintiff.

20. It is believed and therefore averred that individual debt collectors typically use assumed pseudonyms to disguise their true identity; therefore, Defendant John Doe I's apparent moniker, "Mike Levy," or its derivatives may be a fictitious representation thereof.

21. At all times material and relevant hereto, Defendant JOHN DOE II a/k/a ERIC MASTERS, a fictitious representation of

an individual in his or her individual capacity, and in his or her capacity as an officer, director, shareholder, founder, owner, agent, servant, employee, sales representative, and/or independent contractor of UNITED LEGAL CORPORATION and/or the XYZ CORPORATIONS I - X, heretofore unknown to the Plaintiff (hereinafter "JOHN DOE II"), is believed to be a natural person and employed by the Corporate Defendants as a debt collector and/or as a supervisor of debt collectors and/or as a manager of debt collectors.

22.  At all times material and relevant hereto, Defendant JOHN DOE II was the agent, servant, workperson, employee, and/or independent contractor of the Corporate Defendants while engaging in the acts or omissions giving rise to the present Civil Action Complaint and while in the course and scope of his or her relationship with the Corporate Defendants and/or with the Corporate Defendants' permission, authority, direction, and/or sufferance.

23.  At all times material and relevant hereto, Defendant JOHN DOE II serviced, handled, reviewed, discussed, concerned him or herself, supervised, managed, and/or was responsible for debt collection and/or accounts alleged to be the liability of Plaintiff.

24.  It is believed and therefore averred that individual debt
     collectors typically use assumed pseudonyms to disguise
     their true identity; therefore, Defendant John Doe II's
     apparent moniker, "Eric Masters," or its derivatives may be
     a fictitious representation thereof.

25.  At all times material and relevant hereto Defendants JOHN
     DOES III - X, fictitious representations of individuals in
     their individual capacities, and in their capacities as
     officers, directors, shareholders, founders, owners,
     agents, servants, employees, sales representatives, and/or
     independent contractors of the UNITED LEGAL CORPORATION,
     and/or the XYZ CORPORATIONS I - X, heretofore unknown to
     the Plaintiff (hereinafter "JOHN DOES III - X"), are
     believed to be natural persons and employed by the
     Corporate Defendants as debt collectors and/or as
     supervisors and/or managers of debt collectors.

26.  At all times material and relevant hereto, Defendants JOHN
     DOES IV - X were the agents, servants, workpersons,
     employees, and/or independent contractors of the Corporate
     Defendants while engaging in acts or omissions giving rise
     to the present Civil Action Complaint and while in the
     course and scope of their relationships with the Corporate
     Defendants and/or with the Corporate Defendants'
     permission, authority, direction, and/or sufferance.

27. At all times material and relevant hereto, Defendants JOHN
    DOES III - X serviced, handled, reviewed, discussed,
    concerned themselves, supervised, managed, and/or were
    responsible for debt collection and/or accounts alleged to
    be the liability of Plaintiff.

28. Defendants, and each and every one of them, and at all
    times material and relevant hereto, engaged in
    "communication" as defined by the FDCPA, 15 U.S.C. §
    1692a(2).

29. Defendants, and each and every one of them, and at all
    times material and relevant hereto, are "debt collectors"
    as defined by the FDCPA, 15 U.S.C. § 1692a(6).

30. At all times material and relevant hereto, Defendants, and
    each and every one of them, are jointly, severally,
    individually, vicariously, and/or equitably liable to the
    Plaintiff.

## IV. FACTUAL ALLEGATIONS

31. Plaintiff repeats the foregoing and incorporates the
    preceding and succeeding Paragraphs of this Civil Action
    Complaint as if each of them was reprinted herein below.

32. At all times material and relevant hereto, Plaintiff was
    alleged by the Defendants, and each and every one of them,
    to be liable for a debt and/or an obligation of a consumer
    nature.

33.  In or around October of 2005 and continuing thereafter, Defendants and all of them, in an attempt to collect a consumer debt from Plaintiff, began causing Plaintiff's residential telephone to ring.

34.  In or around October of 2005 and continuing thereafter, Defendants and all of them, in an attempt to collect a consumer debt from Plaintiff, began causing Plaintiff's work telephone to ring.

35.  In each of the aforementioned telephone calls, the Defendants and all of them, identified themselves as "United Legal Corporation."

36.  Between October of 2005 and December of 2005 several telephone calls were received by Plaintiff both at work and at home on a frequent and daily basis from Defendants.

37.  On or about November 2, 2005, Defendants forwarded a letter demanding payment to Plaintiff which contained in the letter-head and in bold print the words "United Legal Corporation." *See* letter dated November 2, 2005 and attached hereto as exhibit "A."

38.  On or about December 19, 2005, Defendants forwarded a letter demanding payment to Plaintiff which contained in the letter-head the words "United Legal Corporation." *See* letter dated December 19, 2005 and attached hereto as exhibit "B."

39.  It is believed and therefore alleged that none of the
     Corporate Defendants are a law firm.

40.  It is believed and therefore averred that John Does I-X are
     not attorneys licensed to practice law before the Courts of
     the Commonwealth of Pennsylvania or in any other
     jurisdiction.

41.  It is believed and therefore averred that none of the
     principals, owners, managers, shareholders, officers,
     directors, and/or agents of Corporate Defendants are
     attorneys licensed to practice law before the Courts of the
     Commonwealth of Pennsylvania or in any other jurisdiction.

42.  It is believed and therefore averred that the
     aforementioned communications directed to Plaintiff were
     deceptively, intentionally, willfully, and purposefully
     designed to cause the least sophisticated consumer and
     Plaintiff to believe that they were being communicated with
     by attorneys and/or a law firm and/or persons affiliated
     with a law firm.

43.  It is believed and therefore averred that the
     aforementioned communications directed to Plaintiff were
     deceptively, intentionally, willfully, and purposefully
     designed to cause the least sophisticated consumer and
     Plaintiff to believe that legal action against them was
     imminent and intended.

44. In or around December of 2005, as a result of the
aforementioned communications, Plaintiff was caused to
agree to pay to Defendants specified amounts of monies each
and every month beginning in December of 2005 and to
continue through July of 2006.

45. On or about December 27, 2005, the Defendants, and each and
every one of them, were properly advised in writing by way
of facsimile as to the representation of the Plaintiff by
an attorney.

46. On or about December 28, 2005, the Defendants, and each and
every one of them, acknowledged the legal representation of
the Plaintiff by way of a telephone call to Plaintiff's
attorneys' office.

47. On or about December 28, 2005, after already having
acknowledged Plaintiff's representation by counsel, the
Defendants, and each and every one of them, telephoned the
Plaintiff despite knowledge of the Plaintiff's legal
representation in violation of the FDCPA.

48. At all times material and relevant hereto, and because and
as a result of the acts and/or omissions of the Defendants,
and each and every one of them, Plaintiff suffered
emotional and psychological harm accompanied by physical
manifestations of same causing her to experience headaches,
nausea, embarrassment, humiliation, and loss of appetite

and weight and caused Plaintiff to possibly incur loss of wages and/or impairment to earnings capacity.

49. Facts stated hereto or herein shall not operate to the exclusion of other facts occurring contemporaneously or subsequently determined whether by further investigation and/or the discovery process contemplated by applicable rules governing the civil procedure of this Civil Action Complaint.

50. Facts further cited herein and/or hereto shall not operate to the exclusion of other facts that can and/or may be alleged or discovered; factual investigation is ongoing and newly discovered facts and/or developed existing facts are reserved without prejudice to the Plaintiff.

### V. COUNT ONE
### (U.S. Fair Debt Collection Practices Act)

51. Plaintiff repeats the foregoing and incorporates the preceding and succeeding Paragraphs of this Civil Action Complaint as if each of them was reprinted herein below.

52. The Defendants, and each and every one of them, and at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively, and fraudulently violated the FDCPA, 15 U.S.C. § 1692, et seq., including each and every section and subsection and paragraph and subparagraph thereto.

53.   The acts and/or omissions of the Defendants, and each and
      every one of them, and at all times material and relevant
      hereto, and as described in this Civil Action Complaint,
      were done unfairly, unlawfully, intentionally, deceptively,
      and fraudulently with the express and sole purpose of
      unfairly, unlawfully, intentionally, deceptively, and
      fraudulently coercing Plaintiff to pay the alleged debt in
      an unlawful manner.

54.   As a causally-direct and legally proximate result of the
      above violations of the FDCPA, the Defendants, and each and
      every one of them, and at all times material and relevant
      hereto, caused the Plaintiff to sustain actual damages as a
      result of their unfair, unlawful, intentional, deceptive,
      and fraudulent coercion of Plaintiff to pay the alleged
      debt in an unlawful manner.

55.   The acts and/or omissions of the Defendants, and each and
      every one of them, and at all times material and relevant
      hereto, and as described in this Civil Action Complaint,
      were done absent *bona fide* error, lawful right, legal
      defense, legal justification and/or legal excuse.

56.   As a causally-direct and legally proximate result of the
      above violations of the FDCPA, the Defendants, and each and
      every one of them, and at all times material and relevant
      hereto, are liable to the Plaintiff for declaratory

judgment that the Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney fees.

## VI. COUNT TWO
### (Pa. Unfair Trade Practices and Consumer Protection Act)

57. Plaintiff repeats the foregoing and incorporates the preceding and succeeding Paragraphs of this Civil Action Complaint as if each of them was reprinted herein below.

58. The Defendants, and each and every one of them, and at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively, and fraudulently violated the UTPCPA, 73 P.S. § 201-1, *et seq.*, including each and every section and subsection and paragraph and subparagraph thereto.

59. The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, and as described in this Civil Action Complaint, were done unfairly, unlawfully, intentionally, deceptively, and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively, and fraudulently coercing Plaintiff to pay the alleged debt in an unlawful manner.

60. As a causally-direct and legally proximate result of the above violations of the UTPCPA, the Defendants, and each and every one of them, and at all times material and relevant hereto, caused the Plaintiff to sustain actual damages as a result of their unfair, unlawful, intentional, deceptive, and fraudulent coercion of Plaintiff to pay the alleged debt in an unlawful manner.

61. The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, and as described in this Civil Action Complaint, were done absent *bona fide* error, lawful right, legal defense, legal justification and/or legal excuse.

62. As a causally-direct and legally proximate result of the above violations of the UTPCPA, the Defendants, and each and every one of them, and at all times material and relevant hereto, are liable to the Plaintiff for declaratory judgment that the Defendants' conduct violated the UTPCPA, and Plaintiff's actual damages, statutory damages, treble damages, costs of suit, and attorney fees.

## VII. COUNT THREE
### (Pa. Fair Credit Extension Uniformity Act)

63. Plaintiff repeats the foregoing and incorporates the preceding and succeeding Paragraphs of this Civil Action Complaint as if each of them was reprinted herein below.

were done absent bona fide error, lawful right, legal
defense, legal justification and/or legal excuse.

68.   As a causally-direct and legally proximate result of the
      above violations of the FCEUA, the Defendants, and each and
      every one of them, and at all times material and relevant
      hereto, are liable to the Plaintiff for declaratory
      judgment that the Defendants' conduct violated the FCEUA,
      and Plaintiff's actual damages, statutory damages, treble
      damages, costs of suit, and attorney fees.

      **WHEREFORE**, Plaintiff respectfully prays that judgment be
entered against the Defendants, and each and every one of them,
for the following:

   a.   Declaratory Judgment that the acts and or omissions of
        the Defendants, and each and every one of them,
        violated the FDCPA, the UTPCPA, and the FCEUA.

   b.   Actual damages against the Defendants, and each and
        every one of them, pursuant to the consumer protection
        provisions found within the FDCPA, 15 U.S.C. §
        1692(k)(1) and the UTPCPA, 73 P.S. § 201-1, *et seq.*
        and the FCEUA, 73 P.S. § 2270.1, *et seq.*

   c.   Statutory damages against the Defendants, and each and
        every one of them, pursuant to the FDCPA, 15 U.S.C. §
        1692k(a)(2)(A) and the UTPCPA, 73 P.S. § 201-1, *et*
        *seq.* and the FCEUA, 73 P.S. § 2270.1, *et seq.*

d.   Treble damages against the Defendants, and each and
     every one of them, pursuant to the UTPCPA, 73 P.S. §
     201-1, *et seq.* and the FCEUA, 73 P.S. § 2270.1, *et
     seq.*

e.   Costs and reasonable attorneys fees against the
     Defendants, and each and every one of them, pursuant
     to the U.S. Fair Debt Collections Practices Act, 15
     U.S.C. § 1692k(a)(3) and the UTPCPA, 73 P.S. § 201-1,
     *et seq.* and the FCEUA, 73 P.S. § 2270.1, *et seq.*

f.   For such other and further relief as may be just and
     proper.

g.   Plaintiffs reserve the right and hereby notice the
     Defendants, and each and every one of them, to request
     other forms of relief not specifically enumerated
     herein or hereto.

69.  Plaintiff demands a trial by jury for all issues so
     triable.


BY:   _____

      BRIAN T. SHAW, ESQUIRE
      I.D. No: PA 89420
      Attorneys for the Plaintiff
      **LAW OFFICE OF DIMITRIOS KOLOVOS, LLC**
      701 White Horse Road, Suite 3
      Voorhees, NJ 08043
      Telephone:      856-784-0101
      Facsimile:      856-784-5558

# EXHIBIT

# "A"

**Correspondence from United Legal Corporation Directed to Plaintiff dated November 2, 2005**

**United Legal Corporation**
9000 Regency Square Blvd. Ground FL, Jacksonville, Florida, 32211
Ph: 877-726-8505 Fax: 904-493-4654

---

November 2, 2005

JACKSON, LOUISE
45 STONECREST ROAD
BLAKESLEE, PA 18610

RE: Rio Resources
Acct:
Date Listed: 11/02/05
Date Delinquent: 09/30/05
BALANCE:    405.00

Dear JACKSON, LOUISE                    :

This account has been listed with our office for collection. We are hopeful that you will act promptly and forward payment for the outstanding amount as quickly as possible.

You may also send your payment via Western Union or Moneygram To:

    Payable to United Legal Corporation

Moneygram            Western Union Quick Collect
Jacksonville, FL        Code City: ULC  State: FL
Receive Code: 3168

If you have any questions, please call my office.

Eric Masters
Account Manager

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
November 2, 2005

# EXHIBIT

# "B"

## Correspondence from United Legal Corporation Directed to Plaintiff dated December 19, 2005

**United Legal Corporation**
9000 Regency Square Blvd. Ground FL, Jacksonville, Florida, 32211
Ph: 877-726-8505 Fax: 904-493-4654

December 19, 2005

JACKSON, LOUISE
45 STONECREST ROAD
BLAKESLEE, PA 18610

RE: Rio Resources
Acct:
Date Listed: 11/02/05
Date Delinquent: 09/30/05
BALANCE:     405.00

Dear JACKSON, LOUISE                    :

This account has been listed with our office for collection. We are hopeful that you will act promptly and forward payment for the outstanding amount as quickly as possible.

You may also send your payment via Western Union or Moneygram To:

        Payable to United Legal Corporation

Moneygram            Western Union Quick Collect
Jacksonville, FL     Code City: ULC  State: FL
Receive Code: 3168     Account #: 255336
Account #: 255336

If you have any questions, please call my office.

Eric Masters
Account Manager

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
December 19, 2005

Tue Mar 28 10:17:18 2006

UNITED STATES DISTRICT COURT

SCRANTON     , PA

Receipt No.    333 105874
Cashier        tanya

Check Number: 1677

DO Code    Div No
 4667        3

Sub Acct Type Tender      Amount
1:510000  N     2         190.00
2:086900  N     2          60.00
3:6855XX  C     2          25.00

Total Amount        $     275.00

SP ADM BRIAN J. SHOW JOHNSON D. UNIT
ED LEGAL

DIMITRIOS KOLOVOS 701 WHITE HORSE RD
VOORHEES, NJ 00042

bn

Tue Mar 28 10:17:18 2006

Check No.
Amount
Federal Reserve Bank or
Depositor Bank
United St            symbol 4667